### NELLIS *v.* DUESLER.

*(Supreme Court, General Term, Third Department.* March 15, 1892.)

ACTION AGAINST EXECUTOR—COSTS—CERTIFICATE OF FACTS—STIPULATION.

Code Civil Proc. § 1836, provides that the facts on which costs are allowed against an executor refusing to refer a claim without action "must be certified by the judge or referee before whom the trial took place." An action against an executor was tried before a referee, who found for plaintiff, and on a motion by plaintiff for costs against the executor the question whether the executor had refused to refer the claim was referred to a second referee, the parties stipulating that the motion for costs should not be founded on the certificate of the first referee. *Held*, that such stipulation dispensed with a certificate of facts by the trial referee, and that costs were properly awarded against the executor.

Appeal from special term, Fulton county.

Action by Mary M. Nellis against Amaziah Duesler, executor of Mary Ann Van Voast, deceased. From an order allowing plaintiff costs, defendant appeals. Affirmed.

Argued before MAYHAM, P. J., and HERRICK, J.

*Smith & Nellis*, (*Andrew J. Nellis*, of counsel,) for appellant. *J. M. & H. Dudley*, for respondent.

MAYHAM, P. J. The plaintiff prosecuted this action in this court to recover of the defendant, as executor, a claim alleged to have arisen between the plaintiff and defendant's testatrix for services rendered for the latter by the former in the life-time of testatrix. The action was tried before a referee, who reported in favor of the plaintiff. The claim presented by the plaintiff to the executor, and rejected by him, amounted to $2,551.04, and that was the amount claimed in the complaint. The referee reported due from the defendant's testatrix to the plaintiff the sum of $192.90, and directed judgment therefor. On that report and affidavits the plaintiff moves for cost in favor of the plaintiff against the defendant, and the court grants that motion, from which order the defendant appeals. It appears from the findings of the referee that while a large proportion of the claim presented by the plaintiff to the executor, which was rejected by him, was disallowed by the referee, still a portion of the claim made for services was allowed, and reported as due the plaintiff. Standing upon the report of the referee alone, the plaintiff would not be entitled to costs against the executor. Code, § 1835. Has the plaintiff brought this case within the provisions of the next section? The claim seems to have been presented within the proper time. It was resisted by the defendant, and payment refused, but, as there was such a disparity between the claim presented and the amount allowed, its resistance in the form presented cannot be held to be unreasonable, and the defendant should not be chargeable with costs unless he refused to refer the claim as prescribed by law. Upon this last ground there is a conflict in the evidence on this motion. But that conflict seems to have been determined in favor of the plaintiff by the referee appointed to hear and determine that question, and we think upon that disputed question of fact there is sufficient evidence to uphold his conclusion. But the concluding paragraph of section 1836 of the Code of Civil Procedure in terms requires the facts upon which an allowance of cost against an executor is made to be certified by the court or referee before whom the trial was had. The language is as follows: "Where the action is brought in the supreme court, or in a superior city court, the facts must be certified by the judge or referee before whom the trial took place." In this case the referee who found that the plaintiff had offered to refer this claim, and that the defendant had refused to refer the same, was not the referee before whom the trial took place, but one appointed by the court to take the proofs bearing upon that subject, and report thereon to the court. On the hearing before that referee both parties appeared and participated in the investigation, and each swore and examined witnesses before the referee, and the defendant, before such referee was appointed, stipulated not to urge that such motion for cost should be founded upon the certificate of the referee who heard and decided the action, as provided in the portion of section 1836 above quoted. We must therefore, for the purpose of this motion, hold that the plaintiff, before she commenced this action, offered to refer the disputed claim, under the statute, to a referee approved by the surrogate, and that the defendant refused to join in such reference. The plaintiff was thus left either to forego her entire claim against this estate or bring her action at common law to collect and enforce the same. We think, therefore, that the plaintiff had brought her case within the exceptions embraced in sec-

tions 1835 and 1836 of the Code of Civil Procedure, and, as the amount of her recovery is sufficient to carry costs, the special term was right in awarding costs to the plaintiff against the defendant as executor. Order affirmed, with $10 costs and printing disbursements.